UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      Case No. 18-mc-50256

v.                                      Paul D. Borman
                                      United States District Judge

ANGELA AVERY,

                Defendant,

and

FORD MOTOR COMPANY,

                Garnishee.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR TRANSFER AND DENYING DEFENDANT'S REQUEST FOR HEARING ON GARNISHMENT (ECF NO. 8)

This matter comes before the Court upon Defendant Angela Avery's Request for Hearing on Garnishment. (ECF No. 8.) In that request, Avery also requests transfer of this matter to the United States District Court for the Southern District of Indiana, where she resides. The Government has filed a brief in opposition. (ECF No. 9.) Defendant did not reply.

For the reasons set forth below, Defendant's request for hearing and request for transfer are DENIED.

## I.     BACKGROUND

On February 1, 2018, Defendant Angela Avery entered into a plea agreement by which she pled guilty to Conspiracy to Defraud the United States with Respect to Claims under 18 U.S.C. § 3571(b). *See United States v. Avery*, Case No. 16-cr-20568-02 (E.D. Mich.). As part of the judgment, Avery was ordered to pay a special assessment of $100.00 and criminal restitution of $494,436.00. *Id*. (ECF No. 88, Judgment, PageID.289.) In the six years since the judgment was entered, Avery has paid $446.88 toward the judgment debt, leaving a current outstanding balance of $494,089.12. (ECF No. 4, Application for Writ of Continuing Garnishment.) The Government states that Avery agreed to a payment plan in 2022 for only $50.00/month, but that she defaulted on that payment plan after making just two payments. (ECF No. 9, Government Resp., PageID.46.)

In March of 2024, the Government became aware that Avery was employed at Ford Motor Company, and thus sought a wage garnishment via application filed with the Court on March 26, 2024. (ECF No. 4, Application for Writ of Continuing Garnishment.) The writ was issued on April 3, 2024. (ECF No. 6.) On April 10, 2024, the application for writ, the writ, and clerk's notice of garnishment were sent to Avery, and the writ and answer of garnishee form were sent to Garnishee Ford Motor Company. (ECF No. 5, Certificate of Service.)

Garnishee Ford Motor Company filed an Answer to Continuing Garnishment on April 25, 2024. (ECF No. 7.) The Garnishee answered that Avery is in its employ, she is paid weekly, and that 25% of her disposable earnings (the amount that would be turned over via garnishment) is $203.90 per week. (*Id.*)

Also on April 25, 2024, Avery filed a Request for Hearing. (ECF No. 8.) Avery seeks an alternative payment arrangement of $300.00/month, and for the matter to be transferred to the District with jurisdiction in Jeffersonville, Indiana, where she now resides. (*Id.*)

## II.    LEGAL STANDARD

The Mandatory Victim Restitution Act (MVRA), codified at 18 U.S.C. § 3663A *et. seq.*, makes restitution mandatory for certain crimes, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Section 3613(a) of the MVRA authorizes the United States to collect federal criminal debts "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Section 3613 also states that the only property exempt from garnishment is property that the United States cannot seize to satisfy the payment of federal income taxes. *See id.* The MVRA further explains that federal criminal debts are to be treated in the same manner as federal tax liens. 18 U.S.C. § 3613(c).

The Federal Debt Collection Practices Act (FDCPA), 28 U.S.C. § 3001 *et seq.*, sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order. 28 U.S.C. § 3001(a)(1). Under the FDCPA, the United States may seek writs of garnishment against the debtor's property or non-exempt disposable earnings. *See* 28 U.S.C. § 3205(a). The government may enforce a restitution order "'by all … available and reasonable means.'" *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citing 18 U.S.C. § 3664(m)(1)(A)).

Debtors may challenge issuance of writs of garnishment by requesting a hearing or filing a written objection under 28 U.S.C. §§ 3202 and 3205. The debtor must state the grounds for the objection and bears the burden of showing he or she is entitled to an exemption. *United States v. Daneshvar*, No. 2:21-MC-51623, 2022 WL 17826499, at *2 (E.D. Mich. Aug. 9, 2022) (citing *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996)), *report and recommendation adopted by* 2022 WL 17828356 (E.D. Mich. Sept. 19, 2022). Section 3202(d) permits a debtor to request a hearing on the writ of garnishment within twenty days of receipt of notice of the writ of garnishment but limits the issues at the hearing to: (1) the probable validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement for the issuance of the writ; and (3) certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). Section 3205(c)(5) permits

4

a debtor to file a written objection to an answer within twenty days of receipt. 28 U.S.C. § 3205(c)(5).

A writ may be enforced by the court issuing the writ, regardless of where the debtor resides. 28 U.S.C. § 3004(b)(1)(B). However, if the debtor files a timely request, "the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." *Id.* § 3004(b)(2).

### III.    DISCUSSION

#### A. Request To Transfer

In Avery's Request for Hearing About the Garnishment and Claim for Exemptions, she requests "transfer to current district court," stating "I currently reside at 3117 Middle Rd Apt 8 Jeffersonville IN 47130 and would like all matters to be transferred to my current district[.]" (ECF No. 8.) The Government opposes Avery's request for transfer, asserting "Avery is not on supervision, and she is jointly and severally liable with another defendant who continues to reside in this District." (ECF No. 9.) The Government further argues that "[t]his District is in possession of Avery's financial records and is best-suited to retain jurisdiction of further collections." (*Id.*)

As stated above, the FDCPA provides that if the debtor files a timely request to transfer, "the action or proceeding in which the writ, order, or judgment was issued

shall be transferred to the district court for the district in which the debtor resides."
28 U.S.C. § 3004(b)(2). Courts, however, are split on whether the right to transfer is
absolute. *Compare United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999)
("Because the plain language of [the FDCPA] is mandatory, the district court must
grant a transfer as long as it is made in a timely manner."); *United States v. Peters*,
783 F.3d 1361, 1363-64 (11th Cir. 2015) (holding that § 3004(b)(2) is mandatory),
*with United States v. Furkin*, 165 F.3d 33 (7th Cir. 1998) (unpublished) (district
court properly denied timely request to transfer pursuant to § 3004(b)(2) because a
sentencing court retains jurisdiction to enforce the payment of the criminal monetary
penalties it imposes); *United States v. Castellano*, No. 01-CR-30042-DWD, 2022
WL 1541686, at *2 (S.D. Ill. May 16, 2022) ("The bulk of district courts that have
considered the FDCPA's transfer provision in collection cases arising from a
restitution order issued under the MVRA have found that the transfer provision is
not absolute.") (collecting cases).

First, *Nash* is distinguishable from this case which involves restitution under
the MVRA. In *Nash*, the defendant was convicted of crimes under Title 26 for willful
failure to file income tax returns and the preparation of false and fraudulent tax
refund claims and ordered to pay restitution. *Nash*, 175 F.3d at 441. The Sixth Circuit
Court of Appeals stated: "Because the plain language of this statute (Section
3004(b)(2)) is mandatory, the district court must grant such a transfer as long as it is

6

made in a timely manner." *Id.* However, this Court notes that the MVRA is not applicable to Title 26 offenses, and thus the statutory provisions and policy issues associated with the MVRA were not at issue in *Nash. See* 18 U.S.C. § 3663A(c) (listing the applicable offenses under the MVRA).[1] This Court further notes that the *Nash* court ultimately found that the district court's denial of the motion to transfer was harmless because the "compelling reasons" for granting a transfer did not exist in that particular case. *Nash*, 175 F.3d at 443.

"The bulk of district courts that have considered the FDCPA's transfer provision in collection cases *arising from a restitution order issued under the MVRA* have found that the transfer provision is not absolute." *Castellano*, 2022 WL 1541686, at *2 (emphasis added) (collecting cases). That includes courts in the Sixth Circuit. *See United States v. French*, No. 3:96CR-96-CRS, 2015 WL 5167641, at *2-3 (W.D. Ky. Sept. 3, 2015) (finding that a debtor is entitled to a transfer unless good cause is shown to deny the request) (citing *United States v. Gipson*, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010)); *United States v. Poulson*, No. 2:06-CR-129-ALM-1, 2010 WL 1849294, at 4-5 (S.D. Ohio May 3, 2010) (denying a motion to

---

[1] The *Peters* case in the Eleventh Circuit is similarly distinguishable because that case also involved a conviction for tax fraud and thus did not involve issues associated with restitution under the MVRA. *See Peters*, 783 F.3d at 1362.

7

transfer because transfer would interfere with the Court's obligation under the MVRA to ensure that the defendant complied with the judgment for restitution).

Some courts have held that transfer is not mandatory because there is an inconsistency between the provisions of the FDCPA and the MVRA, and that considering the language and strong policy behind the MVRA, the venue provisions in the FDCPA "must give way" to the provisions of the MVRA. *See, e.g., United States v. Tedder,* No. 02–0105, 2004 WL 415270, at *1-4 (W.D. Wis. Feb. 26, 2004); *see also Poulson*, 2010 WL 1849294, at *4 (finding inconsistencies between the provisions of the FDCPA and the MVRA, and that allowing transfer of the enforcement proceedings would be inconsistent with the government's and court's obligation to insure that the defendant complies with her court ordered obligations); *United States v. Jeburk,* No. 95–0058, 2008 WL 4499982, at *1-2 (S.D. Ga. Oct. 6, 2008) (denying transfer under § 3004(b)(2) on ground that provisions of the MVRA take precedence over the provisions of the FDCPA). Those courts note that "[w]hen the FDCPA involves the collection of a criminal debt, it is 'not to be construed to curtail or limit the right of the United States under any other Federal law or any State law … to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case….'" *See Poulson*, 2010 WL 1849294, at *4 (quoting 28 U.S.C. § 3003(b)(2)); *Tedder,* 2004 WL 415270, at *1 (concluding that granting a transfer request under Section 3004(b)(2) "would be inconsistent with the procedures set out

8

in [the Mandatory Victim's Compensation Act ("MVRA"),] 18 U.S.C. §§ 3611-15 and would pose a real risk of curtailing or limiting the government's right to collect fine[s] and forfeiture....").

Other courts have concluded that transfer is not mandatory because the FDCPA grants district courts the plenary authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute," 28 U.S.C. § 3013, and thus the court can exercise its discretion in reviewing a defendant's request to transfer made pursuant to § 3004 of the FDCPA "to deny transfer where retaining jurisdiction would best effectuate the objectives of the MVRA." *See Gipson*, 714 F. Supp. 2d at 576 (concluding that § 3004(b)(2) "merely operates to shift the burden" from the party requesting transfer to the party opposing transfer, and that a district court may deny transfer for "good cause" shown.) "[G]ood cause to deny transfer would ordinarily exist where transfer is requested merely to delay or frustrate the efforts to collect on restitution judgments." *Id.*; *see also French*, 2015 WL 5167641, at *3 (finding that "a debtor is entitled to transfer unless it is shown that such transfer is requested merely for delay or frustration of collections efforts").

This Court finds in this case, under either analysis, that Avery's request to transfer should be denied. Avery has requested transfer to the Southern District of Indiana, the district in which she resides. She has provided no other rationale for the

transfer. She does not deny that she owes restitution, and, and discussed further *infra*, she has not raised any exemption or challenge to the garnishment procedure that requires a hearing or any further analysis by the Court. Accordingly, the only effect of a transfer would be to delay the inevitable, which would waste the time and resources of all involved.

On the other hand, the Government contends that this Court is best suited to this case due to its familiarity with Avery and this Court's possession of Avery's financial records. Avery is not on supervision, and she was ordered to pay restitution jointly and severally with her co-defendant Sidney Dowl, who resides in this District. The Court finds that the Government has made a compelling case to deny transfer. This Court, having accepted Avery's plea, imposed her sentence, and evaluated the evidence supporting the restitution order, is best situated to oversee any garnishment proceedings and will exercise its discretion to deny Avery's motion to transfer at this time.

### B. Request for Hearing

Avery filed a request for a hearing regarding the garnishment. (ECF No. 8.) She requests that the Court stop the garnishment proceedings and instead "grant [her] the ability to make a commitment of $300 monthly as well as any Income Tax refunds [she] receive[s] per year until [her] obligation is met" so that she can "maintain [her] room and board as well as [her] car note." (*Id.*) The Government

10

argues that Avery's hearing request should be denied because she has not set forth a valid exemption from garnishment under 18 U.S.C. § 3613. (ECF No. 9.)

As explained *supra*, by statute, a hearing under the FDCPA is limited to: (1) the validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement of the issuance of the writ; and (3) certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). A judgment debtor who contests a writ of garnishment bears the burden of showing that he or she is entitled to an exemption. *Sawaf*, 74 F.3d at 122. "Although the FDCPA states that the court 'shall hold a hearing' at the debtor's request, court have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *Miller*, 588 F. Supp. 2d at 797 (collecting cases).

Avery has failed to demonstrate that she is entitled to a hearing under the three limited circumstances in § 3202(d). Avery does not raise any claim of statutory noncompliance, and a default judgment is not at issue here. Avery instead argues that the garnishment will cause her financial hardship – that she needs an exemption to "allow [her] to maintain [her] room and board as well as [her] car note." (ECF No. 8.) However, as the Government correctly states, financial hardship or inability "to afford the amount of the garnishment is not a permissible defense to raise under

28 U.S.C. § 3202(d)." *United States v. Mahar*, 42 F.3d 1389, 1994 U.S. App. LEXIS 33197, at \*2 (6th Cir. Nov. 21, 1994) (unpublished); *see also United States v. Miller*, No. 24-50082, 2024 WL 2148738, at \*1 (E.D. Mich. Apr. 23, 2024) ("[F]inancial hardship is not a cognizable exemption to garnishment."), *report and recommendation adopted by* 2024 WL 2142990 (E.D. Mich. May 13, 2024). Thus, Avery's objection related to economic hardship does not qualify as an exemption from garnishment. *See United States v. Dela Cruz*, No. 17-mc-50236, 2017 WL 2060181, at \*2 (E.D. Mich. May 11, 2017) (denying hearing on defendant's claims that garnishment will make it impossible for her to pay her monthly car payment, monthly mortgage payment, and other expenses because those objections do not qualify for exemption from garnishment).

Accordingly, the Court finds that there is no need for a hearing, and Avery's request is denied.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's request for hearing and request for transfer are DENIED. This Court shall retain jurisdiction over further collection actions.

IT IS SO ORDERED.

Dated: June 7, 2024                    s/ Paul D. Borman
                                       Paul D. Borman
                                       United States District Judge